UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ZACHARY KUHN, an individual,

    Plaintiff,

v.                                    CASE NO. 3:21-cv-107-BJD-MCR

SEAN AGPAR, an individual, and
U.S. FOODS, INC., a foreign profit
corporation licensed to do business
in the State of Florida,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Amend Complaint and to Join James Boyd Davey as Party Defendant ("Motion") (Doc. 14) and Defendants' Response in Opposition thereto ("Response") (Doc. 15). For the reasons stated herein, the Motion is **DENIED without prejudice**.

    **I.**    **Background**

This negligence action arises out of a collision between Zachary Kuhn's automobile and a tractor trailer operated by Sean Apgar and owned and/or maintained by U.S. Foods, Inc., which took place in Duval County, Florida, on March 20, 2017. (Doc. 3 at 2.) The Complaint alleges that at all material times, Kuhn was a resident of Duval County, Florida; Apgar was a resident of

Beaufort County, South Carolina; and U.S. Foods was a foreign corporation licensed to do business in the State of Florida, with its principal place of business in Rosemont, Illinois. (*Id.*) In their Answer, Defendants admit that Apgar is a resident of South Carolina for jurisdictional purposes and that U.S. Foods is a corporation incorporated in Delaware, with its principal address in Illinois, and authorized to conduct business in Florida. (Doc. 4 at 1.) Although both the Complaint and the Answer were originally filed in state court, Defendants removed the action to this Court on January 28, 2021 based on diversity jurisdiction. (*See* Doc. 1.)

## II.   The Parties' Positions

Pursuant to Rules 15(a)(2), 19(a)(1)(A), 20(a)(2)(A) and (B) of the Federal Rules of Civil Procedure, Plaintiff seeks leave to amend his Complaint to join James Boyd Davey as a party Defendant in this action. (Doc. 14.) Davey was the driver and owner of a vehicle that struck Plaintiff's vehicle on January 31, 2020. (*Id.* at 1.) Plaintiff explains:

> The existence of this collision and Plaintiff's intent to potentially amend complaint and join a party defendant was disclosed to Defendants and their counsel on May 13, 2021. Counsel for Plaintiff has also requested that the taking of Plaintiff's deposition be moved for the purposes of an additional party potentially being present for said. However, the undersigned was not sent the entire case file from Plaintiff's prior counsel for the January 31, 2020 crash for several weeks. On June 7, 2021, Plaintiff formally retained the undersigned attorney to represent him for his January 31, 2020 motor vehicle negligence claim against JAMES BOYD DAVEY.

2

> Since Plaintiff's January 31, 2020 collision, he has treated for injuries, including exacerbation of the injuries originally caused by the March 20, 2017 collision.  Moreover, a substantial portion of Plaintiff's medical treatment was provided by Dr. Frank Collier and/or Southeast Orthopaedic Specialists following both the March 20, 2017 and the January 31, 2020 motor vehicle collisions.
>
> Deadline for discovery in this matter is currently set for April 25, 2022 but has thus far revealed intertwining medical issues of causation, aggravation, exacerbation, permanency and future prognosis between the collisions that occurred on March 20, 2017 and January 31, 2020. . . . Defendants will argue that the January 31, 2020 crash as [sic] an intervening cause relieving them of liability and damages into the future.  Moreover, without the addition of the at[-]fault persons from the January 31, 2020 crash, namely JAMES BOYD DAVEY, as a party defendant in this action, it will be impossible to accord complete relief among the existing parties with respect to questions of law and fact common to all.

(*Id.* at 1-2 (numbering omitted).)  Plaintiff argues that his Motion is made in good faith, not for purposes of delay, and will not prejudice Defendants.  (*Id.* at 3.)

Defendants argue that the Motion should be denied, because: (1) permissive joinder of Davey would be inappropriate; (2) even if appropriate, the requisite balancing test under 28 U.S.C. § 1447(e) requires denial; (3) Plaintiff failed to provide the substance of the proposed amendment or attach a copy of the proposed Amended Complaint; and (4) Davey is not an

3

indispensable party or even a necessary one. (Doc. 15.)

### III. Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court further stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

However, "[w]hen a plaintiff seeks to join a non-diverse defendant after a case has been removed, the analysis begins with 28 U.S.C. § 1447(e), rather than the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure." *Henry v. K-Mart Corp.*, No. 8:10-cv-2105-VMC-MAP, 2010 WL 5113558, at *1 (M.D. Fla. Dec. 9, 2010); *see also Hacienda Vill. Homeowners Ass'n, Inc. v. Marsh, Inc.*, No. 2:10-cv-604-JES-DNF, 2011 WL 2893113, at *2 (M.D. Fla. July 20, 2011) ("The decision concerning whether to allow a

4

complaint which has been removed from state court to be amended is governed not by Rule 15(a) but by 28 U.S.C. § 1447(e).").

Pursuant to 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "District courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity . . . ." *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020). "In determining whether joinder of a non-diverse defendant should be permitted after removal, a district court must balance the equities involved." *Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 U.S. Dist. LEXIS 78086, *15 (M.D. Fla. Oct. 22, 2007) (citations omitted). The following factors are considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* at *15-16 (citations omitted).

However, "[a] court first must address whether joinder is permissible under Federal Rule of Civil Procedure 20 and then address the appropriate course of action under § 1447(e)." *Griffith v. Geico Gen. Ins. Co.*, No. 3:13-cv-

5

460-J-32PDB, 2014 U.S. Dist. LEXIS 191837, *4 (M.D. Fla. Sept. 9, 2014) (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998)).

Under Rule 20(a)(2), governing permissive joinder:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2). "In determining what constitutes 'the same transaction, occurrence, or series of transactions or occurrences,' for the purpose of Rule 20(a)(2), courts have relied on the interpretation of what constitutes a 'transaction or occurrence' for the purpose of a compulsory counterclaim under Rule 13(a)." *Griffith*, 2014 U.S. Dist. LEXIS 191837, at *4-5 (citations omitted). "The Eleventh Circuit applies the 'logical relationship' test to determine if claims arise from the same transaction or occurrence." *Id.* at *5 (citing *Rep. Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). "There is a logical relationship if 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Id.* (citations omitted). "The second prong of Rule 20(a) requires only some question of law or fact common to all parties." *Id.* (citations omitted).

6

In addition, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties." Fed.R.Civ.P. 19(a)(1)(A). The two-step approach set out in Rule 19 can be described as follows:

> First, it must be determined whether the party "is one who should be joined if feasible." "Second, for all such necessary parties, a court determines whether the Rule 19(b) factors permit the litigation to continue if the party cannot be joined, or instead whether they are indispensable." If the party is a required party, "but cannot be joined—i.e., because they are non-diverse—Rule 19(b) provides a list of factors to determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." . . .
> The feasibility question turns on whether a person is subject to service of process and whether their joinder will deprive the court of subject matter jurisdiction.

*Burgos Garcia v. Church of Scientology Religious Tr.*, No. 8:13-cv-220-T-27TBM, 2014 WL 12871007, *4 (M.D. Fla. May 2, 2014) (internal citations omitted).

**IV. Analysis**

As an initial matter, Plaintiff's failure to set forth the substance of the proposed amendment or to attach a copy of the proposed amendment warrants denial of his Motion. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902 (11th Cir. 2020) (per curiam) ("A proper motion for leave to amend requires that a movant either (1) set forth the substance of the

7

proposed amendment, or (2) attach a copy of the proposed amendment to the motion."); *McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 757 (11th Cir. 2011) (per curiam) (finding that the district court properly exercised its discretion in denying leave to amend because plaintiffs neither set forth the substance of the proposed amendment nor attached a copy of the proposed amended complaint).

Importantly, Plaintiff's Motion does not mention Davey's citizenship. Based on the crash report for the January 31, 2020 accident, Defendants infer that Davey resides in Florida. (*See* Doc. 15 at 2; Doc. 15-1.) However, as Defendants acknowledge, it is a party's citizenship, rather than residency, that is determinative for diversity jurisdiction. (Doc. 15 at 2 n.1.) "The citizenship of an individual is determined by his or her 'domicile,' i.e. 'the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom.'" *Turner*, 2007 U.S. Dist. LEXIS 78086, at *6 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)). "A party's 'domicile,' rather than his or her residence, is determinative of citizenship for diversity jurisdiction." *Id.* at *9-10. "The factors considered in determining domicile include home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Id.* at *11.

Plaintiff's failure to allege Davey's citizenship frustrates the Court's

analysis in determining whether joinder is proper. As such, the Motion is due to be denied without prejudice. Under the circumstances here, the Court need not analyze the issues in detail, but it appears that Plaintiff cannot show the propriety of joinder under Rule 20(a)(2). As Defendants explain:

> In this case, the underlying auto accident between Plaintiff and Sean Agpar occurred on March 20, 2017, whereas the accident between Plaintiff and Davey occurred more than thirty-three months later on January 31, 2020. Plaintiff described the accident with Sean Agpar as a rear-end accident, and it appears the accident with Davey involved a side-swipe or "cutting off" of Plaintiff. There can be no logical relationship between these two accidents or claims because each has its own unique set of operative facts notwithstanding Plaintiff's contention that the accident with Davey exacerbated injuries sustained in the accident with Sean Agpar.

(Doc. 15 at 5 (internal citations omitted).) Under similar circumstances, the district court in *Oda* found joinder improper under Rule 20, because the two accidents were "completely separate" and although they allegedly contributed to plaintiff's injuries, the facts surrounding the two accidents were "wholly distinct from one another." *Oda v. United States*, No. CV11-04514-PSG, 2012 WL 692409, *2 (N.D. Cal. Mar. 2, 2012). The court stated: "A finding of liability in one instance will have no bearing whatsoever on a finding of liability in the other, as the evidence required in determining liability in either case will be completely separate." *Id.*

In addition, it does not appear that Davey is an indispensable party under Rule 19. "It has long been the rule that it is not necessary for all joint

9

tortfeasors to be named as defendants in a single lawsuit." *Burgos Garcia*, 2014 WL 12871007, at *4. In other words, jointly and severally liable defendants, like Davey, are permissive, not necessary, parties. *Id.* Also, as Plaintiff seeks monetary damages for Defendants' alleged negligence, there is nothing to suggest that he could not recover them in Davey's absence. *See id.* at *5-6.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 14**) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 13, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record